UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| AMY MICHELLE BOLDEN )<br>)<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>ANDREW SAUL, )<br>Commissioner of Social Security )<br>Administration, )<br>)<br>    *Defendant*. ) | Case No: 1:18-cv-175<br><br>Judge Christopher H. Steger |

**MEMORANDUM OPINION**

Plaintiff Amy Bolden seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from her denial by the Commissioner of the Social Security Administration regarding her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, 42 U.S.C. §§ 401-34, 1381-83f. [*See* Doc. 1]. The parties consented to the entry of final judgment by the undersigned United States Magistrate Judge, according to 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 23].

For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings [Doc. 24] will be **DENIED**; the Commissioner's Motion for Summary Judgment [Doc. 25] will be **GRANTED**; and judgment will be entered **AFFIRMING** the Commissioner's decision.

**I.  Procedural History**

In March 2014, Plaintiff applied for disability insurance benefits and supplemental security income under Title II of the Act, 42 U.S.C. §§ 401-434, alleging disability of July 21, 2010. (Tr. 17). Plaintiff's claims were denied initially as well as on reconsideration. (*Id.*). As a result, Plaintiff

requested a hearing before an administrative law judge. (*Id.*).

In August 2016, ALJ Eduardo Soto began Plaintiff's hearing but then postponed the hearing to obtain additional medical records. (*Id.*). On February 2017, the ALJ continued the hearing and heard testimony from Plaintiff, her husband, and a vocational expert. (*Id.*). Plaintiff did not have counsel. (*Id.*). The ALJ informed Plaintiff of her right to representation, but Plaintiff chose to proceed without counsel. (*Id.*).

The ALJ then rendered his decision, finding that Plaintiff was not under a "disability" as defined by the Act. (Tr. 22). Following the ALJ's decision, Plaintiff requested that the Appeals Council review the denial of benefits; however, that request was denied. (Tr. 1). Exhausting her administrative remedies, Plaintiff then filed her Complaint in August 2018, seeking judicial review of the Commissioner's final decision under § 405(g) [Doc. 1]. The parties filed competing dispositive motions, and this matter is ripe for adjudication.

## II. Findings by the ALJ

The ALJ made the following findings with respect to the decision on Plaintiff's application for benefits:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020.

2. Plaintiff had not engaged in substantial gainful activity since July 21, 2010, through the last insured date, December 31, 2010. (20 C.F.R. §§ 404.1571 *et seq.*).

3. Through the date last insured, Plaintiff had the following medically-determinable impairments: disorders of the female genital organs (20 C.F.R. § 404.1521 *et. seq.*).

4. Through the date last insured, Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months; therefore, Plaintiff did not have a severe impairment or combination of impairments (20 C.F.R. § 404.1521 *et. seq.*).

2

> 5. Plaintiff has not been under a disability, as defined in the Social Security Act, from July 21, 2010, through December 31, 2010, the date last insured (20 C.F.R. § 404.1520(c)).

(Tr. at 17-22).

## III.   Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability under the Act is an administrative decision. To establish disability under the Social Security Act, plaintiffs must show that they are unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity, she is not disabled; (2) if the claimant does not have a severe impairment, she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, she is disabled; (4) if the claimant is capable of returning to work they have done in the past, she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, the burden shifts to the Commissioner to show that there

3

is work in the national economy that the claimant can perform considering her age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs*., 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the findings of the Commissioner and whether the Commissioner made any legal errors in the process of reaching their decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings, they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes there is a zone of choice within which the decision-makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs*., 790 F.2d 450 n.4 (6th Cir. 1986).

Courts may consider any evidence in the record, regardless of whether the ALJ cited it. *See Heston v. Comm'r of Soc. Sec*., 245 F.3d 528, 535 (6th Cir. 2001). But, for purposes of the substantial-evidence review, courts may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Also, courts are not obligated to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and "issues which are 'adverted to in a perfunctory manner, unaccompanied by some

effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

## IV. Analysis

In this case, the ALJ stopped the analysis at step two, finding that Plaintiff did not suffer a severe impairment. The ALJ's finding forms the basis of one of Plaintiff's objections because Plaintiff asserts that she does, in fact, have a severe impairment. Plaintiff also faults the ALJ for not affording her a full-and-fair hearing. The Court will address each issue in turn.

### A. Severe Impairment

Plaintiff first contends that the ALJ erred by finding that Plaintiff did not suffer a severe impairment. [Doc. 24-1 at PageID #: 567-74]. A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not "severe" if it has no more than a minimal impact on an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1522; Social Security Ruling (SSR) 85-28, 96-3p. Thus, to establish that her impairments were "severe," Plaintiff had the burden to show that they more than minimally impacted her ability to perform basic work activities for the twelve-month durational requirements of the Act. *See* 20 C.F.R. § 404.1522. As explained in SSR 85-28, "[t]he severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28; 20 C.F.R. §§ 404.1522(b)(1)-(2) (defining "basic work activities" with respect to physical capacities); 404.1522(b)(3)-(6) (defining "basic work activities" with respect to mental capacities). The evidence that Plaintiff had a medically determinable impairment must come from acceptable

medical sources, while evidence from other medical sources may be used to show the severity of the impairment and how it affects her ability to work. *See* 20 C.F.R. § 404.1513(a), (d)(1). The mere existence of a medically determinable impairment does not establish that a more than minimal impact on Plaintiff's ability to perform basic work activities. *See Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 930 (6th Cir. 2007); *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988). That is, even if Plaintiff has been diagnosed or treated for a condition, this diagnosis and treatment does not establish that the impairment was "severe."

Here, the ALJ reviewed the evidence from Plaintiff's alleged onset date of July 21, 2010, through her date last insured of December 31, 2010, and immediately thereafter. The ALJ concluded that while Plaintiff had medically determinable impairments consisting of disorders of the female genital organs, she did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months. (Tr. 19-22). Thus, according to the ALJ, Plaintiff did not have a severe impairment or combination of impairments on or prior to her date last insured and was not disabled. (*Id.*).

Plaintiff alleges that the totality of her current and ongoing problems relate to her July 2010 childbirth and prior to her date last insured; but, the actual evidence from the relevant period does not support her claim. The ALJ discussed Plaintiff's conditions in great detail. (*See* Tr. 21). When Plaintiff gave birth on July 21, 2010, she required a midline episiotomy that extended to a fourth-degree perineal laceration. (Tr. 21, 489-90). On July 23, 2010, Plaintiff underwent a postpartum bilateral tubal occlusion and was noted to have tolerated the procedure well with no complications. (Tr. 21, 487-88). Five days later on July 28, 2010, Plaintiff had no complaints, no constipation, and her perineum and rectum were intact and healing well. (Tr. 21, 380). The next month, Plaintiff again had no complaints and no constipation. (Tr. 21, 380). A physical examination at that time

showed that she was healing well. (Tr. 21, 380).

In fall 2010, Plaintiff complained of constipation but reported no problems of incontinence due to the perineal laceration. (Tr. 21, 378). Plaintiff also complained of general discomfort in the pelvis, but a physical examination indicated no abnormalities in the pelvis and the perineum was intact with no tenderness on palpitation. (Tr. 21, 378). Evidence following her date last insured showed that Plaintiff underwent diagnostic imaging of her abdomen in May 2011, which proved unremarkable and showed normal bowel gas patterns. (Tr. 21, 461).

Plaintiff underwent surgery consisting of overlapping sphincteroplasty and repair of recto-vaginal fistula in July 2014, and reported complications and increased pain, and depression. (Tr. 21, 203-08, 308-13). But the ALJ considered this evidence was after Plaintiff's date last insured and too remote to be disabling or severe during the relevant period. (Tr. 21). In fact, evidence obtained after the date last insured is of little value unless it relates to the claimant's condition before the expiration of insured status. *See Grisier v. Comm'r of Soc. Sec.*, 721 F. App'x 473, 477 (6th Cir. 2018) (citing *Strong v. Comm'r of Soc. Sec.*, 88 F. App'x 841, 845 (6th Cir. 2004) ("Evidence of disability obtained after the expiration of insured status is generally of little probative value.")). Further, the existence of impairments prior to the date last insured does not establish that they were significantly limiting at that time. *See Seeley v. Comm'r of Soc. Sec.*, 600 F. App'x 387, 390 (6th Cir. 2015) (citing *Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 930 (6th Cir. 2007)).

In a 2016 letter, Plaintiff's primary-care physician, Bryan Myers, M.D., stated that Plaintiff's significant rectal incontinence, depression, and anxiety limited her ability to work outside her home. (Tr. 350). While Dr. Myers noted that her rectal incontinence began after her vaginal delivery in July 2010 (*Id.*), the ALJ noted that this opinion lacked support in the record

7

during the relevant period (Tr. 22). Dr. Myers' opinion is also dated after Plaintiff's date last insured of December 31, 2010. In fact, he did not begin treating Plaintiff until 2012, and the disabling symptoms he attributes to Plaintiff did not appear in the medical records until after her date last insured. (Tr. 22, 350). Substantial evidence therefore supports the ALJ's assignment of little weight to Dr. Myers' opinion. (Tr. 22).

Additional evidence also supports the ALJ's findings, including the reports of non-examining state agency psychological and medical consultants who opined that there was insufficient evidence to find any medically-determinable mental impairment. The consultants also found that the evidence did not establish Plaintiff's impairment of disorders of the female genitals was severe prior to the date last insured. (Tr. 21-22, 41-45, 47-52). *See* SSR 96-6p (finding of fact and opinions by non-examining State agency doctors is expert evidence that must be considered).

Substantial evidence supports the ALJ's finding that Plaintiff did not have a severe impairment or combination of impairments during the relevant period. Therefore, remand is unnecessary.

B.   **Full and Fair Hearing**

Plaintiff next faults the ALJ for not providing a full and fair hearing by failing to provide Plaintiff with the opportunity to present sufficient evidence of her claim prior to her date last insured, failing to allow sufficient time for Plaintiff to provide substantive testimony, failing to ask sufficient questions, and failing to develop a fair and full record—especially when Plaintiff did not have counsel. [Doc. 24-1 at PageID #: 561-64].[1]

---

[1] In referring to *Federal Rule of Civil Procedure* 56, Plaintiff argued in her reply brief that there was "genuine issue" of material fact as to whether Plaintiff received a full-and-fair hearing, and the Court must view the facts "in the light most favorable to the nonmoving party." [Doc. 27-1 at PageID #: 595]. While true, this is an administrative appeal, and the appropriate standard is whether substantial evidence supports the Commissioner's denial of benefits. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). So, even if there is an issue of material fact, "[t]he findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Id.*; *see Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir.1999) ("Even if the evidence

Plaintiff fails to note, however, that it is the claimant who bears the burden of providing evidence that she are disabled. 42 U.S.C. §§ 405(g) and 1383(c); 20 C.F.R. § 404.1512. And plaintiff's burden continues throughout each level of the administrative process to inform the agency or submit all evidence that relates to whether or not she is disabled. 20 C.F.R. § 404.1512(a). The agency can assist plaintiffs in obtaining evidence, and it did so here. 20 C.F.R. § 404.1512(d). The ALJ, for instance, postponed the initial hearing to obtain additional medical records. (Tr. 17). *See* 20 C.F.R. § 404.1512(d)(1) ("'Every reasonable effort' means that we will make an initial request for evidence from your medical source and, . . . if the evidence has not been received, we will make one follow-up request to obtain the medical evidence necessary to make a determination.").

Despite representing herself, Plaintiff received a full and fair hearing. In instances where plaintiffs are unrepresented, ALJs have a special duty to ensure that plaintiffs have a full and fair hearing. *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983). There is no bright-line test for determining when an ALJ has failed to fully develop the record; rather, the determination must be made on a case-by-case basis. *Id.*

In reviewing the facts of this case, the Court is persuaded that the ALJ met his special duty. Plaintiff was aware of her right to obtain counsel, yet she chose to proceed without representation. (Tr. 17). The ALJ listened to testimony from Plaintiff, her husband, and a vocational expert (Tr. 30-32); inquired about Plaintiff's medical treatment; and developed medical evidence from the relevant period dating back to 2010. (Tr. 38-39, 244-340, 345-501). Based on the testimony and evidence, the ALJ developed the pertinent issues; considered and discussed Plaintiff's alleged

---

could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached."). This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen*, 800 F.2d at 545 (citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir.1984)).

symptoms and limitations; and discussed the relevant medical evidence in his decision. (Tr. 19-22). While Plaintiff may not have received a favorable outcome, there is no evidence in the record to suggest that the ALJ failed to provide the necessary opportunity for a full-and-fair disposition of Plaintiff's claim. Consequently, remand is unnecessary.

**V.     Conclusion**

Having reviewed the administrative record and the parties' briefs, Plaintiff's Motion for Judgement on the Pleadings [Doc. 24] will be **DENIED**; the Commissioner's Motion for Summary Judgment [Doc. 25] will be **GRANTED**; and the decision of the ALJ will be **AFFIRMED**. Judgment will be entered in favor of the Defendant.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE